UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| JOHN LAVERY, | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| RESTORATION HARDWARE LONG | ) |
| TERM DISABILITY BENEFITS PLAN; | ) |
| AETNA LIFE INSURANCE COMPANY, | ) |
| Defendants | ) |
| | ) |

## COMPLAINT

### Introduction

1.      This is an action for a wrongful denial of long term disability benefits under the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

### Jurisidiction

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29

U.S.C. § 1132(e)(1).

3.      Venue in this Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

### Parties

4.      Plaintiff John Lavery is an adult resident of Carlisle, Massachusetts.

5.      Defendant Restoration Hardware Long Term Disability Benefits Plan is an

employee benefit plan governed by ERISA. The Plan is sponsored by Restoration Hardware, Inc.

("Restoration Hardware"), which also serves as the plan administrator.

6.     Defendant Aetna Life Insurance Company ("Aetna"), an insurance company with a principal place of business in Connecticut, is the underwriter and claims administrator for the Plan.

**Facts**

7.     Mr. Lavery formerly worked for Restoration Hardware and was a participant in the Plan.

8.     Mr. Lavery went out of work due to malignant melanoma on or about September 30, 2014.

9.     Mr. Lavery applied for and received short term disability benefits.

10.     On or about January 27, 2015, his claim for short term disability benefits was converted to a claim for long term disability benefits.

11.     Mr. Lavery submitted all required information in connection with his claim for long term disability benefits.

12.     On or about March 30, 2015, Aetna notified Mr. Lavery that it was denying his claim. According to Aetna, it denied Mr. Lavery's claim based on the Plan's pre-existing condition provision. The Plan provided that Mr. Lavery would not be entitled to benefits if he had a "pre-existing condition" during the three months right before his effective date of coverage. Aetna determined that Mr. Lavery's effective date of coverage was June 1, 2914, and therefore the three-month pre-existing condition period was March 1, 2014 to May 31, 2014. Aetna determined that Mr. Lavery had a "pre-existing condition" based on its conclusion that he had "received medical treatment, care, or services for" his malignant melanoma on April 25, 2014. In fact, Mr. Lavery did not receive medical treatment, care, or services for his malignant melanoma on April 25, 2014. Indeed, he was not even diagnosed with malignant melanoma until

June 19, 2014, almost two months later and outside the three-month pre-existing condition

period. He began receiving treatment, care, and services for his condition only after it was

diagnosed.

13.    On or about July 22, 2015, Mr. Lavery filed an administrative appeal, requesting a

full and fair review of Aetna's denial of his claim.

14.    On or about September 11, 2015, Aetna notified Mr. Lavery that it was denying

his appeal. Contrary to its initial denial, Aetna now determined that Mr. Lavery's effective date

of coverage was July 1, 2014, meaning that his three-month pre-existing condition was April 1,

2014 through June 30, 2014. And, according to Aetna, because he was diagnosed with malignant

melanoma on June 19, 2014, he was not eligible for benefits.

15.    Mr. Lavery has satisfied all prerequisites for filing suit in this Court.

### Cause of Action

### <u>VIOLATION OF ERISA</u>

Mr. Lavery restates and incorporates the above allegations. Based on the evidence in Mr.

Lavery's claim file, the terms of the Plan, and all other relevant information available to Aetna,

Aetna's denial of Mr. Lavery's claim for long term disability benefits was in violation of the

Plan and ERISA.

**WHEREFORE,** Mr. Lavery respectfully requests the Court to:

1.    Rule, based on the terms of the Plan, that the Defendants' denial of Mr. Lavery's

claim is subject to de novo review;

2.    In the alternative, rule that the Defendants' denial of Mr. Lavery's claim is subject

to a heightened standard of review based on Aetna's inherent conflict of interest

as the underwriter and claims administrator for the Plan;

3.      Reinstate Mr. Lavery's claim for long term disability benefits;

4.      Award him back benefits, with interest;

5.      Award him attorney fees and costs; and

6.      Grant such other and further relief as is proper and just.


                        JOHN LAVERY,

                        By his attorneys,

                        /s/ Stephen Churchill
                        Stephen Churchill, BBO#564158
                        FAIR WORK, P.C.
                        192 South Street, Suite 450
                        Boston, MA 02111
                        617-607-3260
                        steve@fairworklaw.com


Dated: February 27, 2017