# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:17-cv-10856-DJC

JOHN LAVERY, )
    Plaintiff )
v. )
)
RESTORATION HARDWARE, INC., )
    Defendant )
)

### FIRST AMENDED COMPLAINT AND JURY DEMAND

#### Introduction

1. This is an action for damages brought by plaintiff John Lavery, a former employee of defendant Restoration Hardware, Inc. ("RH"). During the initial period of his employment, RH classified Mr. Lavery as an independent contractor, but he was an employee, pursuant to M.G.L. c. 149, § 148B, and under common law. As a result of his misclassification, and pursuant to M.G.L. c. 149, § 150, Mr. Lavery seeks resulting treble damages for all lost wages and other benefits, together with interest, costs, and attorneys' fees.

#### Parties

2. Plaintiff John Lavery is an adult resident of Carlisle, Massachusetts. He provided services to RH from April 2013 to September 2014, when he became totally disabled.

3. Defendant Restoration Hardware, Inc. is a foreign corporation with a regular place of business in, among other places, Boston, Massachusetts.

#### Facts

4. Mr. Lavery began providing services to RH in or around April 2013. Beginning at that time, he worked full-time on Mondays and Fridays (with work on additional days, as

needed), performing store maintenance as directed at RH's Boston store, as known as the "Boston Gallery." He reported to Mike Hung, who was then RH's Senior Leader Store Maintenance. He also reported to the manager of the Boston store and other RH employees, including RH's Gallery Development Department.

5. Because he was classified as an independent contractor, Mr. Lavery suffered lost wages and other benefits: he lost the ability to participate in the company's incentive pay programs (such as the Leadership Incentive Program); he lost the value of associate discounts; he lost the value of paid time off (such as vacation, sick time, and holidays); he lost the wages he had to use to pay the employer's share of payroll taxes; he was not reimbursed for business expenses for which he would have received reimbursement as an employee (including, for example, expenses for the use of his private vehicle for RH's benefit); and he lost the value of RH's benefit plans (such as life insurance, disability insurance, medical insurance, and retirement plans).

6. In or around early April 2014, Mr. Lavery began servicing additional stores and working additional days, and he regularly worked more than 40 hours per week for RH. Around that same time, Mr. Hung left RH, and Mr. Lavery began reporting to Bill Kalff, RH's Vice President, Gallery Construction.

7. RH did not formally classify Mr. Lavery as an employee until May 12, 2014, when he was given the title Regional Facilities Leader, reporting to Mr. Kalff. His designation as an employee did not change the duties he was already performing. Notwithstanding his formal designation as an employee in or around May 2014, RH's Senior Leader of Human Resources had referred to him an RH "associate" (i.e., the term RH uses for employees) as far back as June 2013.

8. Throughout the time that he performed services for RH, Mr. Lavery was not free from RH's control and direction in connection with the performance of his services.

9. Mr. Lavery's services were not performed outside the usual course of RH's business. Indeed, the duties of his supervisors and associates at RH, including Mr. Hung and Mr. Kalff, and RH's ultimate classification of Mr. Lavery as an employee, demonstrate that RH's usual course of business included the services provided by Mr. Lavery.

10. Mr. Lavery did not have an independently established trade, occupation, profession, or business of the same nature as that involved in the services he performed for RH.

11. Mr. Lavery filed a complaint with the Massachusetts Attorney General's Office and received authorization to file suit.

## COUNT I
## VIOLATION OF MASSACHUSETTS
## INDEPENDENT CONTRACTOR LAW

The plaintiff incorporates the above paragraphs. By misclassifying the plaintiff as an independent contractor instead of as an employee, the defendant violated M.G.L. c. 149, § 148B, resulting in harm to him. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT II
## VIOLATIONS OF MASSACHUSETTS WAGE LAW

The plaintiff incorporates the above paragraphs. The defendant violated M.G.L. c. 149, § 148, by, among other things, failing to pay all wages to which the plaintiff would have been entitled if he had been properly classified as an employee, either under M.G.L. c. 149, § 148B or common law. This claim is brought pursuant to M.G.L. c. 149, § 150.

## JURY DEMAND

The plaintiff requests a trial by jury on all claims.

**WHEREFORE,** the plaintiff seeks judgment against the defendant as follows:

1. All damages to which the plaintiff is entitled under Massachusetts law;

2. Statutory trebling of damages as allowed by law, pursuant to M.G.L. c. 149, § 150;

3. Attorney fees, costs, and interest as allowed by law; and

4. Such other and further relief as the Court may deem proper and just.

JOHN LAVERY,

By his attorneys,

/s/ Stephen Churchill
Stephen Churchill, BBO#564158
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
617-607-3260
steve@fairworklaw.com

Dated: June 12, 2017

## CERTIFICATE OF SERVICE

I certify that on this date I served a copy of the foregoing document, through the ECF system, on all counsel of record.

Dated: June 12, 2017                    /s/ Stephen Churchill
                                        Stephen Churchill